Nov. 14, 1904.

---o---

## No. 3518.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF MRS. ANNA McLEAN, WIDOW OF THOS. H. HOWARD.

1. Vague and general charges of fraud made orally and in a brief, and not sustained by any evidence in support of any specific allegations authorizing them, will not be considered.

2. The judgment does substantial justice on the issues presented by the pleadings and the proof.

Appeal from Civil District Court, Division "A."

J. J. McLoughlin, for Succession.

S. F. Gautier and P. F. Hennessey, for Heirs.

F. Rivers Richardson, *in propria persona.*

Leigh Howard, *in propria persona,* for Opponents and Appellants.

DUFOUR, J. On March 9th, 1904, an order issued herein for the sale of movable property to pay debts, and the sale was made on April 5th, 1904.

On April 6th, 1904, Leigh Howard, one of the heirs herein, filed a document asking for an annulment of the sale on the grounds that the sale of the movables was not made in accordance with the agreement of the heirs, that the auctioneer did not describe the goods or show them, that the administrator had no right to bid on them, and that Leigh Howard bought certain articles which the auctioneer failed to deliver to him, the balance having been bought by the administrator, the co-heir.

At the trial Leigh Howard alone appeared, *in propria persona,* whereupon, after considering the evidence, the trial Judge handed down the following judgment and reasons for its rendition:

"All the bidders at the sale, according to the testimony and the *proces verbal,* were heirs of the deceased. As such they had the right to retain the price until the partition shall have settled the estate among them. As an heir, the administrator had the right to bid. But it seems the property sold was not delivered to the purchasers. This must be done or the sale must be declared null. It was the auctioneer's duty to see the delivery made to purchasers and also the duty of the administrator. I will give opportunity to have delivery made. Ordered, therefore, that delivery be made by the administrator and the auctioneer to purchasers of the property bought by them, within twenty days from service of this order on them, and, in default, that the sale be annulled and set aside as to any property by that time not delivered."

This judgment was rendered on May 25th and signed on May 31st, and on June 1st Leigh Howard obtained an order of appeal to this Court, and personally appeared at bar, no other party being present or represented, and urged anew the grounds presented to the lower Court by the document upon which the proceeding is based.

We fail to detect any error in the ruling after a diligent examination of the record.

We do not understand what is meant by the ";agreement of the heirs"; their right as such to buy may not be disputed and they knew what they were buying without having the goods shown to them.

Vague and general charges of fraud made orally and in a written brief, are not substantiated by any evidence in the record, and are not properly before us in this proceeding. If they be well founded, Howard's right to bring them before the Court in a proper proceeding with the proper allegations, is undeniable.

Under the circumstances, the Judge of the lower Court has done substantial justice. If the record is in a confused condition, and no other relief can be granted, that result must be attributed to the fact that it is usually a dangerous experiment for a layman to conduct his own case.

Judgment affirmed.